**Electronically Filed
Intermediate Court of Appeals
29560
26-MAY-2011
09:37 AM**

NO. 29560

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
WILFREDO VIRTUCIO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0155)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)


        Defendant-Appellant Wilfredo Virtucio (Virtucio)
appeals from the Judgment of Conviction and Sentence (Judgment)
filed on December 2, 2008, in the Circuit Court of the First
Circuit (Circuit Court).[1]  Virtucio was indicted on four counts
of unlawful methamphetamine trafficking, in violation of Hawaii
Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005) (Counts 1-4),
and one count of unlawful methamphetamine trafficking, in
violation of HRS § 712-1240.6(2) (Supp. 2005) (Count 5).[2]  A
jury found Virtucio guilty as charged on all five counts.  The
Circuit Court sentenced Virtucio to twenty years of imprisonment,

_____

        [1] The Honorable Michael A. Town presided.

        [2] The charged violation of HRS § 712-1240.6(3) is a class B felony and
the charged violation of HRS § 712-1240.6(2) is a class A felony.  HRS § 712-
1240.6 was repealed subsequent to dates that Virtucio allegedly committed the
charged offenses.  See 2006 Haw. Sess. Laws Act 230, § 50 at 1024.

with a mandatory minimum term of two years, on Count 5 and ten years of imprisonment, with a mandatory minimum term of one year, on each of Counts 1 through 4, all terms to be served concurrently.

The charges against Virtucio were based on his alleged sale of methamphetamine to an undercover police officer. Prior to the charged methamphetamine transactions, the undercover officer did not know Virtucio. During one of the charged transactions, Virtucio asked the undercover officer for $300 and the undercover officer expressed concern that the person from whom Virtucio said he would obtain the methamphetamine "might try and rip [Virtucio] off." Virtucio responded by saying, "Don't worry, I'm the runner." In explaining the meaning of the term "runner" at trial, the undercover officer testified that a runner "usually is the person that sells for the drug dealers[;] . . . the drug dealers provide [the runners] with the drugs and they would sell and collect the money."

I.

On appeal, Virtucio argues that: (1) the Circuit Court plainly erred because the Circuit Court's original jury instruction did not state that the procuring agent defense is a non-affirmative defense which the prosecution has the burden of disproving beyond a reasonable doubt; (2) the Circuit Court's answer to Jury Communication No. 1 misstated the law and amounted to a new jury instruction on the procuring agent defense; (3) the Circuit Court erred in denying his request for supplemental closing argument in light of the Circuit Court's answer to Jury Communication No. 1; (4) the jury instructions on the procuring agent defense were prejudicially confusing; and (5) the Circuit Court erred in denying his motion for a new trial. For the reasons discussed below, we affirm the Circuit Court's Judgment.

1. The Circuit Court's original instruction to the jury on the procuring agent defense did not state that the prosecution has the burden of disproving the defense beyond a reasonable doubt, which is the applicable burden for a non-

affirmative defense such as the producing agent defense. See State v. Davalos, 113 Hawai'i 385, 387 n.6, 153 P.3d 456, 458 n.6 (2007). However, prior to Virtucio's closing argument, the Circuit Court gave additional oral instructions to the jury which properly advised the jury of the prosecution's burden of disproving the procuring agent defense beyond a reasonable doubt. Moreover, in the Circuit Court's answer to Jury Communication No. 1, the Circuit Court again advised the jury that it was the prosecution's burden to disprove the procuring agent defense beyond a reasonable doubt. We conclude that when the instructions are read and considered as a whole, there was no instructional error with respect to the prosecution's burden of proof on the procuring agent defense. See State v. Gonsalves, 108 Hawai'i 289, 292, 119 P.3d 597, 600 (2005); State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006).

2. Virtucio argues that the Circuit Court's answer to Jury Communication No. 1 erroneously instructed the jury on the procuring agent defense by substituting the term "solely" for "merely." Virtucio contends that the Circuit Court's answer misstated the law and amounted to a new jury instruction on the procuring agent defense. We disagree.

In the context of the instructions on the procuring agent defense, the Circuit Court used the term "solely" as an appropriate synonym for the term "merely" in answering Jury Communication No. 1. In that communication, the jury sought "further elaboration" on the phrase "the defendant was merely acting as the procuring agent for the buyer" contained in the original procuring-agent-defense instruction. The Circuit Court's answer to Jury Communication No. 1 correctly stated the law on the procuring agent defense and did not substantively change the Circuit Court's previous instructions on the defense. See Davalos, 113 Hawai'i at 387, 153 P.3d at 458 ("[U]nder the procuring agent defense, one who acts merely as a procuring agent

3

for the buyer is a principal in the purchase, not the sale, and therefore, can be held liable only to the extent that the purchaser is held liable." (internal quotation marks and citation omitted)); People v. Page, 688 N.Y.S.2d 133, 135 (N.Y. App. Div. 1999) (stating that "[a] person who acts *solely* as the agent of the buyer in a narcotics transaction may not be convicted of the crime of selling narcotics" (emphasis added)).

 3. Contrary to Virtucio's claim, the Circuit Court's answer to Jury Communication No. 1 did not substantially modify the procuring-agent-defense instructions. Thus, the Circuit Court did not err in denying Virtucio's request for supplemental closing argument after it answered Jury Communication No. 1.

 4. Virtucio contends that the Circuit Court's instructions on the procuring agent defense, including its answer to Jury Communication No. 1, were prejudicially confusing because the instructions contain undefined terms and concepts, such as recipient, buyer, purchaser, agent, principal, and purchaser's liability. We disagree. We conclude that when read and considered as a whole, the jury instructions on the procuring agent defense were not "prejudicially insufficient, erroneous, inconsistent, or misleading." See Gonsalves, 108 Hawai'i at 292, 119 P.3d at 600 (internal quotation marks and citation omitted).

 5. Virtucio's claim that the Circuit Court abused its discretion in denying his motion for a new trial is based on his contentions that: (1) the Circuit Court's answer to Jury Communication No. 1 was erroneous; and (2) the Circuit Court erred in denying his request for supplemental closing argument. We have already rejected the two contentions underlying Virtucio's claim regarding his new trial motion, and we accordingly conclude that the Circuit Court did not abuse its discretion in denying Virtucio's motion for a new trial.

II.

We affirm the December 2, 2008, Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, May 26, 2011.

On the briefs:

Karen T. Nakasone
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5